**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

YAYA BAMBA, a/k/a Bamba Yaya,
Petitioner,

v.

No. 96-1319

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-723-476)

Submitted: November 7, 1996

Decided: November 21, 1996

Before RUSSELL and WIDENER, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ronald D. Richey, L. JOHNSON & ASSOCIATES, P.C., Wheaton,
Maryland, for Petitioner. Frank W. Hunger, Assistant Attorney General,
David M. McConnell, Assistant Director, Michele Y.F. Sarko,
Office of Immigration Litigation, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

YaYa Bamba petitions for review of a final order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we affirm.

Bamba, a native and citizen of the Ivory Coast, entered the United States as a non-immigrant student on an "F1" visa to attend school, later dropped out of school, and remained in the United States. The United States Immigration and Naturalization Service issued an Order to Show Cause charging Bamba with deportability based on his failure to maintain student status. Bamba filed an application for asylum and withholding of deportation. Following a hearing, the Immigration Judge (IJ) issued a decision denying the request for asylum and withholding of deportation, but granting voluntary departure. The Board dismissed Bamba's timely appeal, finding that Bamba had not met the evidentiary burden necessary to establish entitlement to asylum and withholding of deportation. Bamba timely petitioned this court for review of the Board's order.

Factual determinations regarding an alien's statutory eligibility for asylum are reviewed for substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The standard is extremely deferential, requiring a reviewing court to uphold the Board's denial unless an alien demonstrates that the evidence presented "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 483-84.

To be eligible for a discretionary grant of asylum, an alien must demonstrate that he has been persecuted, or has a well-founded fear of persecution, in his native country on account of race, religion, nationality, membership in a particular social group, or political opin-

2

ion. 8 U.S.C.A. §§ 1101(a)(42)(A), 1158 (West Supp. 1996); Huaman-Cornelio v. BIA, 979 F.2d 995, 999 (4th Cir. 1992). The well-founded fear standard contains both a subjective and objective component. INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987). The subjective element requires that the alien's fear be genuine. Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective component requires credible, direct, and specific evidence supporting a reasonable fear that the petitioner faces persecution. Id.; Huaman-Cornelio, 979 F.2d at 999. Mere assertions of possible fear are insufficient. Rodriguez-Rivera v. United States Dep't of Immigration and Naturalization, 848 F.2d 998, 1002 (9th Cir. 1988).

Bamba asserts that based on the evidence of record, a reasonable factfinder would have to conclude that he has a well-founded fear of persecution in the Ivory Coast, and that the Board abused its discretion in requiring corroboration. We find, however, that substantial evidence supports the Board's affirmance of the IJ's finding that Bamba failed to meet his statutory burden. Bamba failed to demonstrate a reasonable possibility of persecution arising from his student demonstrations, at which he and some 900 others were hit with clubs by military police, and the single and limited police detention and subsequent release to which he testified at the hearing. See M.A. v. INS, 899 F.2d 304, 311 (4th Cir. 1990) (en banc) (quoting INS v. Stevic, 467 U.S. 407, 424-25 (1984)). Nor are his assertions of fear of persecution arising from his involvement in a political party opposed to the present regime, without more, sufficient to sustain his burden. Rodriguez-Rivera, 848 F.2d at 1002.

Moreover, given the inconsistencies between Bamba's application for asylum and withholding of deportation and his hearing testimony, as well as the internal inconsistencies and vagueness in his testimony, we find that the Board properly denied asylum absent corroboration of Bamba's assertions of past persecution and involvement in a political party opposed to the present regime. See Tarvand v. INS, 937 F.2d 973, 975 (4th Cir. 1991); Hamzehi v. INS, 64 F.3d 1240, 1244 (8th Cir. 1995).

Because Bamba failed to meet the less stringent burden of proof required for asylum, this court need not decide whether he is eligible

3

for withholding of deportation under 8 U.S.C.A.§ 1253(h) (West Supp. 1996). <u>Rivera-Cruz v. INS</u>, 948 F.2d 962, 969 (5th Cir. 1991).

We therefore affirm the decision of the Board of Immigration Appeals and deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4